JOSEPH BEZUBEK, Respondent, v. JAMAICA DRIVURSELF SYSTEM, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

ROSE CARRABIS and PHILIP CARRABIS, an Infant, by ROSE CARRABIS, His Guardian ad Litem, Appellants, v. BROOKLYN ASH REMOVAL CO., INC., Respondent.— Order vacating notice of examination before trial reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, except as to items numbered 2, 5 and 7, as to which the order is affirmed. The remaining items of the notice are proper subjects of examination. The examination may proceed on five days' notice. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

STEVEN JOHN COOK, Respondent, v. TIDE WATER OIL SALES CORPORATION and ANASTACIA FREDERICKS, Appellants.— On appeal of defendant Fredericks, judgment of the County Court of Nassau county reversed on the law and the facts, with costs, and complaint as to her dismissed, with costs, on authority of *Voorhes* v. *Tide Water Oil Sales Corporation* (*post*, p. 710), decided herewith. On appeal by Tide Water Oil Sales Corporation, judgment unanimously affirmed, with costs to respondent. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

ANTONI DANYLCZAK and ANNA DANYLCZAK, Respondents, v. POLISH AMERICAN COOPERATIVE SAVINGS AND LOAN ASSOCIATION, Appellant.— Judgment reversed on the law and the facts, with costs, complaint dismissed, and judgment for specific performance directed for the defendant, with costs. Plaintiffs were awarded a judgment impressing a vendee's lien upon the defendant's real property and dismissing defendant's counterclaim for specific performance. Plaintiffs rejected title because upon the day set for the closing the premises were subject to a mortgage free of which the title was to have been conveyed under the contract. The proof is, and the court found, that it was contemplated by both parties that at the time of the closing defendant's check, sufficient to satisfy the mortgage, with interest to maturity, should be placed in the hands of the Title Guarantee and Trust Company, representing the plaintiffs and the holder of the mortgage, for the purpose of satisfying the mortgage, due by its terms within a few days thereafter. The court found that that was done by the defendant and that it had funds in the bank sufficient to meet the check. Notwithstanding all this the plaintiffs rejected title because of the lien of the mortgage and upon the trial did not deny the testimony of their own lawyer and defendant's secretary that the defendant requested an adjournment of one day to satisfy the mortgage of record. We are of opinion that defendant was entitled to such an adjournment and to a finding that such request was made, and this court will make a finding that such request was made and refused. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings will be made. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur. Settle order on notice.